Kevin J. Hoyt, Esq. (Cal. Bar No. 76830)
ESTES & HOYT, A Professional Corporation
550 West C Street, Suite 530
San Diego, California 92101
(619) 234-2111

Attorneys for Defendant
Crystal Vision Enterprises, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHRISTOPHER JOHN HAMILTON and<br>ELIZABETH LEIGH TESOLIN,<br><br>                      Debtor. | Bankruptcy Case No. 14-03142-CL11 |
| ELITE OF LOS ANGELES, INC., a<br>California corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>CRYSTAL VISION ENTERPRISES, LLC<br>dba HAMILTON COLLEGE<br>CONSULTING, a California limited liability<br>company; and DOES 1 Through 20,<br>inclusive,<br><br>                      Defendants. | Adversary Proceeding No. 18-90049-CL<br><br>**ANSWER TO COMPLAINT FOR CREDITOR'S SUIT AND DECLARATORY RELIEF** |

      Defendant Crystal Vision Enterprises, LLC, dba Hamilton College Consulting, severing itself from all other parties, answers the Complaint For Creditor's Suit And Declaratory Relief, removed from the Superior Court of the State of California, County of San Diego, on April 19, 2018 to the above-captioned court by the filing herein the Notice Of Removal Of Entire

Elite v. Crystal Vision\`Answer to Complaint.wpd

Action Pending in State Court To Bankruptcy Court (Doc 1), by admitting, alleging, and denying as follows:

## **ANSWER**

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. In response to the allegations of Paragraph 4 of the Complaint, Defendant lacks sufficient information or belief as to the truth of such facts to admit or deny such allegations, and based thereon denies such allegations.

5. In response to the allegations of paragraph 5 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. Defendant further alleges that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1452 and 1334, and that venue is proper in this court pursuant to 28 U.S.C. § 1452(a). Defendant consents to the entry of final orders or judgment by the bankruptcy court.

6. In response to the allegations of paragraph 6 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

7. In response to the allegations of Paragraph 7 of the Complaint, Defendant admits that Plaintiff is a judgment creditor pursuant to a money judgment in its favor against Debtor. Except as expressly admitted, Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant admits that on September 1, 2017, the Bankruptcy Court confirmed Debtor's Plan of Reorganization and entered its Findings of Fact and Conclusions of Law Re: Confirmation of Debtors' Sixth Amended Combined

Plan of Reorganization and Disclosure Statement Dated March 21, 2017, a copy of which is attached as Exhibit F to the Complaint (the "Confirmation Order"). Defendant also admits that the Confirmation Order provides:

> "6. Notwithstanding paragraph 4 above or the "collection injunction" set forth in paragraph 7(a) of the Plan, the "collection injunction" shall not apply to any income or property not being used to fund the plan. As to that property, nondischargeable claimholders are allowed to immediately pursue their state law remedies outside the Plan."

Plaintiff's allegations in Paragraph 12, "By way of this complaint, Plaintiff does not seek recovery as to any income of Debtor or property being used to fund Debtor's Plan" is legal argument or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations, including, but not limited to, any allegation or implication, that the Plaintiff, by way of the Complaint, seeks recovery from income or property not being used to fund the Plan.

13.     In response to the allegations of paragraph 13 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

14.     In response to the allegations of paragraph 14 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations are allegations, if any, of fact which Defendant is required to admit or deny, Defendant denies such allegations.

15.     Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     In response to the allegations of Paragraph 16 of the Complaint, Defendant realleges and incorporates herein by this reference, each of the Paragraphs 1 through 15 set forth above, as though fully set forth in this paragraph.

17.     In response to the allegations of paragraph 17 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny.

To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

18. In response to the allegations of paragraph 18 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

19. In response to the allegations of paragraph 19 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

20. In response to the allegations of paragraph 20 of the Complaint, such allegations are legal arguments or legal conclusions, which Defendant is not required to admit or deny. To the extent such allegations, if any, are allegations of fact which Defendant is required to admit or deny, Defendant denies such allegations.

21. In response to the allegations of Paragraph 21 of the Complaint, Defendant realleges and incorporates herein by this reference, each of the Paragraphs 1 through 20 set forth above, as though fully set forth in this paragraph.

22. Defendant admits the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing, and as separate and distinct affirmative defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every claim or cause of action alleged therein, fails to state a claim for relief against Defendant upon which relief can be granted.

\* \* \*

\* \* \*

**SECOND AFFIRMATIVE DEFENSE**

**(Bar – Violation of Injunction)**

On September 1, 2017, the Bankruptcy Court in the above-captioned chapter 11 proceeding, entered its Order confirming Debtor's Sixth Amended Combined Plan of Reorganization and Disclosure Statement Dated March 21, 2017 (Doc 611). The Debtor's Sixth Amended Plan of Reorganization provides for the treatment and payment of all claims against Debtor, Christopher Hamilton by the Plaintiff herein, Elite of Los Angeles, Inc. ("Elite"), arising from the judgment against said Debtor, upon which Elite bases its Complaint herein. The confirmed Plan also provides:

    a)    The secured part of Elite's claim based on its judgment will be paid in installments over 360 months;

    b)    The unsecured part of Elite's claim based on its judgment will be paid, in part, in installments over 60 months;

    c)    Except as provided in Sections 6(d) and 7(d), the obligations of the Debtor Christopher Hamilton, to Elite under the Plan "replace those obligations to [Elite] . . . that existed prior to the Effective Date of the Plan;"

    d)    Debtor, Christopher Hamilton's "Obligations under the confirmed Plan constitute binding contractual premises that, if not satisfied under the Plan, create a basis for an action for breach of contract under California law."

    e)    "The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtors are not in material default under the Plan . . . ."

    f)    "Any creditor whose claim is determined to be nondischargeable under Bankruptcy Rule Section 523, may, after the Plan period is complete, enforce the remaining balance of its claim against Debtor, pursuant to state law. However, such creditors are specifically

enjoined from enforcing such claims during the Plan period, so long as Debtors are not in material default under the Plan."

"The injunction described in this Section is limited to the Plan period. It does not apply to any income or property not being used to fund the Plan."

The Plaintiff herein asserts, "[p]ursuant to . . . [HCC's] Operating Agreement and the Executive Employment Agreement [between HCC and Defendant]. HCC is indebted to Debtor for the amount of the Judgment plus interest (the "Indemnity Obligation")." The injunction on its face enjoins Elite from taking any action to collect for its benefit any debt owed by HCC to Debtor, Christopher Hamilton. To the extent, if any, the Indemnity Obligation comprises "any income or property" of Debtor, Christopher Hamilton, upon which Elite may sue HCC pursuant to Cal. Code of Civ. Proc. § 708.210, said Indemnity Obligation comprises property of the Debtors which is being used to fund the plan, and therefore does not fall within the above-stated exception to the injunction against Elite's Complaint herein. Accordingly, Elite's commencement and continuance of this action against Defendant, Christopher Hamilton is enjoined by the Injunction of the Bankruptcy Court described above.

Based on said Injunction described above, Elite is barred from commencing and continuing this Action.

## THIRD AFFIRMATIVE DEFENSE

### (Void – Violation of Injunction)

On September 1, 2017, the Bankruptcy Court in the above-captioned chapter 11 proceeding, entered its Order confirming Debtor's Sixth Amended Combined Plan of Reorganization and Disclosure Statement Dated March 21, 2017 (Doc 611). The Debtor's Sixth Amended Plan of Reorganization provides for the treatment and payment of all claims against Debtor, Christopher Hamilton by the Plaintiff herein, Elite of Los Angeles, Inc. ("Elite"), arising from the judgment against said Debtor, upon which Elite bases its Complaint herein. The confirmed Plan also provides:

a) The secured part of Elite's claim based on its judgment will be paid in installments over 360 months;

  b) The unsecured part of Elite's claim based on its judgment will be paid, in part, in installments over 60 months;

  c) Except as provided in Sections 6(d) and 7(d), the obligations of the Debtor Christopher Hamilton, to Elite under the Plan "replace those obligations to [Elite] . . . that existed prior to the Effective Date of the Plan;"

  d) Debtor, Christopher Hamilton's "Obligations under the confirmed Plan constitute binding contractual premises that, if not satisfied under the Plan, create a basis for an action for breach of contract under California law."

  e) "The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtors are not in material default under the Plan . . . ."

  f) "Any creditor whose claim is determined to be nondischargeable under Bankruptcy Rule Section 523, may, after the Plan period is complete, enforce the remaining balance of its claim against Debtor, pursuant to state law. However, such creditors are specifically enjoined from enforcing such claims during the Plan period, so long as Debtors are not in material default under the Plan."

  "The injunction described in this Section is limited to the Plan period. It does not apply to any income or property not being used to fund the Plan."

  The Plaintiff herein asserts, "[p]ursuant to . . . [HCC's] Operating Agreement and the Executive Employment Agreement [between HCC and Defendant]. HCC is indebted to Debtor for the amount of the Judgment plus interest (the "Indemnity Obligation")." The injunction on its face enjoins Elite from taking any action to collect for its benefit any debt owed by HCC to Debtor, Christopher Hamilton. To the extent, if any, the Indemnity Obligation comprises "any income or property" of Debtor, Christopher Hamilton, upon which Elite may sue HCC pursuant to Cal. Code of Civ. Proc. § 708.210, said Indemnity Obligation comprises property of the Debtors which is being used to fund the plan, and therefore does not fall within the

above-stated exception to the injunction against Elite's Complaint herein. Accordingly, Elite's commencement and continuance of this action against Defendant, Christopher Hamilton is enjoined by the Injunction of the Bankruptcy Court described above.

Based on the violation of said Injunction, Elite's Action, commenced by the filing of the Complaint herein, is void *ab initio*.

## FOURTH AFFIRMATIVE DEFENSE

### (Modification of Obligation – No Material Default)

On September 1, 2017, the Bankruptcy Court in the above-captioned chapter 11 proceeding, entered its Order confirming Debtor's Sixth Amended Combined Plan of Reorganization and Disclosure Statement Dated March 21, 2017 (Doc 611). The Debtor's Sixth Amended Plan of Reorganization provides for the treatment and payment of all claims against Debtor, Christopher Hamilton by the Plaintiff herein, Elite of Los Angeles, Inc. ("Elite"), arising from the judgment against said Debtor, upon which Elite bases its Complaint herein. The confirmed Plan also provides:

a) The secured part of Elite's claim based on its judgment will be paid in installments over 360 months;

b) The unsecured part of Elite's claim based on its judgment will be paid, in part, in installments over 60 months;

c) Except as provided in Sections 6(d) and 7(d), the obligations of the Debtor Christopher Hamilton, to Elite under the Plan "replace those obligations to [Elite] . . . that existed prior to the Effective Date of the Plan;"

d) Debtor, Christopher Hamilton's "Obligations under the confirmed Plan constitute binding contractual premises that, if not satisfied under the Plan, create a basis for an action for breach of contract under California law."

e) "The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-

confirmation obligation or the obligation due under the Plan, so long as Debtors are not in material default under the Plan . . . ."

      f)    "Any creditor whose claim is determined to be nondischargeable under Bankruptcy Rule Section 523, may, after the Plan period is complete, enforce the remaining balance of its claim against Debtor, pursuant to state law. However, such creditors are specifically enjoined from enforcing such claims during the Plan period, so long as Debtors are not in material default under the Plan."

"The injunction described in this Section is limited to the Plan period. It does not apply to any income or property not being used to fund the Plan."

The Plaintiff herein asserts, "[p]ursuant to . . . [HCC's] Operating Agreement and the Executive Employment Agreement [between HCC and Defendant]. HCC is indebted to Debtor for the amount of the Judgment plus interest (the "Indemnity Obligation")." The injunction on its face enjoins Elite from taking any action to collect for its benefit any debt owed by HCC to Debtor, Christopher Hamilton. To the extent, if any, the Indemnity Obligation comprises "any income or property" of Debtor, Christopher Hamilton, upon which Elite may sue HCC pursuant to Cal. Code of Civ. Proc. § 708.210, said Indemnity Obligation comprises property of the Debtors which is being used to fund the plan, and therefore does not fall within the above-stated exception to the injunction against Elite's Complaint herein. Accordingly, Elite's commencement and continuance of this action against Defendant, Christopher Hamilton is enjoined by the Injunction of the Bankruptcy Court described above.

Based on the terms of the Plan described above, any obligation of Debtor, Christopher Hamilton based on Elite's Judgment has been replaced and modified by the terms of the Plan, and Debtor, Christopher Hamilton is not in material default of said terms. Accordingly, Elite has no claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

Answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether it has additional, as yet unstated, affirmative defenses. Answering

Defendant reserves herein the right to assert additional affirmative defenses, in the event additional knowledge or information indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1. The Plaintiff take nothing by way of its Complaint on all claims for relief and causes of action;

2. That Plaintiff be ordered to reimburse Defendant's attorneys fees and costs incurred in responding to and defending the Complaint; and for

3. Such other and further relief as the Court may deem just and proper.

ESTES & HOYT,
A Professional Corporation

Dated: April 26, 2018      By:/s/Kevin J. Hoyt
    Kevin J. Hoyt
    Attorneys for Defendant
    Crystal Vision Enterprises, LLC

# PROOF OF SERVICE

*Elite of Los Angeles, Inc. v. Crystal Vision Enterprises, LLC, etc., et al.*
U.S.B.C. (S.D.Cal) Adv. No. 18-90049-CL

I, the undersigned, declare and certify that I am over the age of 18 years, not a party to the within action and employed in the County of San Diego, State of California. My business address is Estes & Hoyt, A P.C., 550 West C Street, Suite 530, San Diego, CA 92101, and I made the service referred to below at their direction.

On the date of execution below, I served a true copy of the following document(s):

**ANSWER TO COMPLAINT FOR CREDITOR'S SUIT AND DECLARATORY RELIEF**

[ X ]  **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. The envelope(s) were addressed as follows:

Office of the United States Trustee
880 Front Street, Suite 3230
San Diego, CA 92101

[ X ]  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Under controlling Local Bankruptcy Rules ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On April 26, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

| | |
|---|---|
| Susan C. Stevenson | sstevenson@psdslaw.com, bonniec@psdslaw.com |
| Sarah H. Lanham | slanham@psdslaw.com, lcage@klinedinstlaw.com |

(Attorneys for Plaintiff)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 26, 2018 at San Diego, California.

/s/Laurie Smith
Laurie Smith

Elite v. Crystal Vision\`Answer to Complaint.wpd